**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Prudential Insurance Company of America, | No. CV-18-08320-PCT-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Bonnie Huizenga, *et al.*, | |
| Defendants. | |

At issue is Cross-Claimant Bonnie Huizenga's Motion for Summary Judgment (Doc. 64), to which *pro se* Cross-Defendant Dominik Spang filed a Response (Doc. 67), and Huizenga filed a Reply (Doc. 68). No party requested oral argument on the Motion, and the Court finds it appropriate to resolve the Motion without oral argument. *See* LRCiv 7.2(f).

## I.     BACKGROUND

This interpleader action is the consolidation of two related matters, CV-19-08122-PCT-DWL and CV-18-08320-PCT-JJT, which the Court consolidated under the latter case number. (Doc. 62.) The two remaining parties in this action, Huizenga and Dominik Spang, both claim they are the rightful beneficiaries to a life insurance benefit from Interpleader Plaintiff Prudential Insurance Company of America in the amount of $238,000.00, and a 401(k) retirement benefit from Interpleader Plaintiff Walmart 401(k) Plan in the amount of $69,680.85, both of which benefits arise from the death of Dirk Spang. Interpleader Plaintiffs have deposited the disputed funds with the Court.

Undisputed evidence shows the following: Cheri Johnson, the cousin of Dirk's now-deceased significant other, took Dirk to the emergency room in early April 2018, at which time Dirk was diagnosed with lung cancer. Johnson and Sondrea Liska, a close friend of Dirk's, took care of Dirk for the following two months, with Johnson becoming his medical power of attorney and Liska helping Dirk with his financial affairs. Dirk underwent chemotherapy, radiation, and other treatment for lung cancer. During this time, Dirk spoke regularly to his siblings, including Dominik, who reside in Germany. Also during this time, Dirk decided to change the beneficiary for his Walmart 401(k) and Prudential life insurance benefits to his siblings, and he informed Johnson, Liska and Dominik of this decision. The prior beneficiary, Huizenga, was an old friend of Dirk's, and Johnson and Liska were not acquainted with either Huizenga or Dirk's siblings. Liska took Dirk to Walmart to execute the change of beneficiary on his 401(k) plan, but Dirk could not remember the password to his 401(k) account, and Walmart later provided him a link so that he could change the password and access his account. Since at least April 2018, Dirk was suffering from short term memory loss as a result of the small cell carcinoma in his lungs and an associated condition called paraneoplastic syndrome—an autoimmune disorder affecting the nervous system.

On May 29, 2018, Dirk was in a car accident in which his car was T-boned, and he sustained injuries that included multiple bone fractures and a pelvic hematoma. At the hospital, he received 40 mg of Oxycodone but refused further pain medication. Liska avers that, on May 30, 2018, Dirk was coherent and directed her to change the beneficiary information on his behalf, for which he had given her the online access information. (Doc. 56, Movant's Statement of Facts ("MSOF") Ex. 29, Liska Statement at 3.) Liska duly changed the beneficiary information on Dirk's behalf from Huizenga to Dominik Spang on June 6, 2018, and Dirk passed away on June 7, 2018.

Huizenga challenges the beneficiary designation changes, claiming that Dirk did not have the capacity to make them, and now seeks summary judgment.

## II.      LEGAL STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate when: (1) the movant shows that there is no genuine dispute as to any material fact; and (2) after viewing the evidence most favorably to the non-moving party, the movant is entitled to prevail as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Eisenberg v. Ins. Co. of N. Am.*, 815 F.2d 1285, 1288-89 (9th Cir. 1987). Under this standard, "[o]nly disputes over facts that might affect the outcome of the suit under governing [substantive] law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A "genuine issue" of material fact arises only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In considering a motion for summary judgment, the court must regard as true the non-moving party's evidence, if it is supported by affidavits or other evidentiary material. *Celotex*, 477 U.S. at 324; *Eisenberg*, 815 F.2d at 1289. However, the non-moving party may not merely rest on its pleadings; it must produce some significant probative evidence tending to contradict the moving party's allegations, thereby creating a material question of fact. *Anderson*, 477 U.S. at 256-57 (holding that the plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment); *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968).

"A summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "Summary judgment must be entered 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *United States v. Carter*, 906 F.2d 1375, 1376 (9th Cir. 1990) (quoting *Celotex*, 477 U.S. at 322).

## III.      ANALYSIS

At the outset, the Court notes that Dominik, as the party responding to Huizenga's Motion for Summary Judgment, did not comply with Local Rule 56.1 by failing to file a

controverting statement of facts. This failure is of little consequence with respect to the evidence on which Dominik relies—the statements by Liska and Johnson—because Huizenga included that evidence in her own statement of facts in conjunction with the Motion. (MSOF Exs. 20, 29.) Otherwise, the Court considers Huizenga's evidence as uncontroverted by Dominik.

This dispute turns entirely on whether Dirk had the capacity to change the beneficiary designations on his life insurance and 401(k) benefits at the time he decided to change them. Under Arizona law, a beneficiary designation is a type of "governing instrument," which Arizona law defines as "a deed, will, trust, insurance or annuity policy, account with pay on death designation, security registered in beneficiary form, [or] pension, profit sharing, retirement or similar benefit plan . . . ." A.R.S. § 14-1201(27). Arizona law provides, "It is a rebuttable presumption that a person who executes a governing instrument is presumed to have capacity to execute the governing instrument and to have done so free from undue influence and duress." A.R.S. § 14-2712(B).

A party challenging the capacity of the person executing a governing instrument has the burden to show by a preponderance of the evidence, A.R.S. § 14-2712(D), that, at the time the instrument was executed, the person lacked either "(1) the ability to know the nature and extent of his property; (2) the ability to know his relation to the persons who are the natural objects of his bounty and whose interests are affected by the terms of the instrument; or (3) the ability to understand the nature of the testamentary act." *In re Estate of Killen*, 937 P.2d 1368, 1371 (Ariz. Ct. App. 1996). Evidence that the person was experiencing delusions or hallucinations, *id.* at 1373-74; *In re O'Connor's Estate*, 246 P.2d 1063, 1070 (Ariz. 1952); or was under the influence of medication affecting the person's cognitive abilities, *In re Walters' Estate*, 267 P.2d 896, 898 (Ariz. 1954); *In re Estate of Thorpe*, 732 P.2d 571, 577-78 (Ariz. Ct. App. 1986), may be relevant to the capacity determination. But "[t]estamentary capacity cannot be destroyed by showing a few isolated acts, foibles, idiosyncrasies, moral or mental irregularities or departures from the normal unless they directly bear upon and have influenced the testamentary act." *In re Stitt's*

*Estate*, 380 P.2d 601, 603 (Ariz. 1963) (internal quotation and emphasis omitted); *see also In re Teel's Estate*, 483 P.2d 603, 605 (Ariz. Ct. App. 1971). Arizona courts apply a "specialized, 'close scrutiny,' standard of review in relation to the evidence and expert opinions" in a dispute over testamentary capacity to execute a governing instrument. *Estate of Thorpe*, 732 P.2d at 573.

In *Teel's Estate*, the Arizona Court of Appeals made clear that "[t]estamentary capacity is not the same as the ability to transact ordinary business" but rather is "determined objectively from the standpoint of the purpose to be accomplished." 483 P.2d at 605. Thus, for example, evidence of "mental sluggishness, impairment of memory, childishness, eccentricities and physical infirmity" accompanying old age does not show a lack of testamentary capacity. *Id.*

In her Motion, Huizenga does not provide a single legal citation to the testamentary capacity standard that she, as the party challenging the properly executed beneficiary designations, must meet, let alone point to evidence sufficiently probative to that showing. The Court would deny summary judgment for this reason alone. *See F.D.I.C. v. Garner*, 126 F.3d 1138, 1145 (9th Cir. 1997) (holding a party that presents no case law or argument in support of its claim waives the argument); *see also Pelfresne v. Village of Williams Bay*, 917 F.2d 1017, 1023 (7th Cir. 1990) ("A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point. We will not do [her] research for [her]." (internal quotations omitted)).

Indeed, the only legal citation in Huizenga's entire Motion, other than the summary judgment standard, is a short statement regarding a power of attorney under Arizona law. But Dominik does not claim, nor does any evidence proffered by the parties reveal, that Dirk gave Liska power of attorney to make decisions on his behalf. Instead, the evidence that Dominik provides by way of the Johnson and Liska statements, which are uncontroverted by Huizenga, is that Dirk made the decision to change the beneficiary designations by early May 2018 and directed Liska to administer the changes on his behalf

at the latest on May 30, 2018.

When the Court undertakes the task of applying Huizenga's evidence to the appropriate legal standard (without assistance from Huizenga's briefing), none of the evidence proffered by Huizenga has sufficient probative value to a determination of whether Dirk had the requisite testamentary capacity when he decided to change the beneficiary designations. Huizenga relies entirely on a statement provided by Dr. Carrie Monroy, the Medical Director of the hospice facility that cared for Dirk from June 3 to 7, 2018, that reads: "In my professional opinion, Mr. Spang did not possess the mental capacity to make the decision to change his beneficiary designations the day before he died." (MSOF Ex. 27.)[1] Monroy also states Dirk "was in significant pain and required narcotic medication therapy" and "was confused and . . . in and out of consciousness" during that time. (MSOF Ex. 27.)

First, this evidence lacks probative value because it is conclusory. Monroy opines that Dirk lacked mental capacity without explaining what the testamentary capacity standard is or how he failed to meet it. And Huizenga provides no evidence to show that Monroy is qualified to make a determination as to testamentary capacity to begin with. Indeed, the associated statements indicate a lack of understanding of the standard, because confusion, periodic unconsciousness, and even pain medication therapy are, without more, insufficient. None of Monroy's statements demonstrate that, for example, Dirk lacked an understanding of the nature and extent of his property or his relations to the persons who are the natural object of his bounty, as the testamentary capacity standard provides.

Even if Monroy's statement was sufficient to at least create a genuine dispute as to Dirk's testamentary capacity, it suffers from a fatal flaw: timing. Dominik's evidence, by way of his own statement and those of Liska and Johnson, all show that Dirk decided to change the beneficiary designations by early May 2018 and directed Liska to administer those changes, along with providing her with the requisite confidential information to do so on his behalf, by May 30, 2018, at the latest. Monroy's statement as to Dirk's "mental

---

[1] Other than the one-page Monroy affidavit, Huizenga does not provide any declarations, affidavits, or deposition transcripts in support of her Motion for Summary Judgment.

capacity" from June 3 to 7, 2018, does not show his testamentary capacity at the time he decided to change the beneficiary designations.

To the extent Huizenga provides other evidence of testamentary incapacity, it is even weaker. Huizenga passingly refers to a statement by Dirk's mother to Prudential that Dirk was, "per hospital psychologist, mentally unable to manage his affairs as of April 2018." (MSOF Ex. 12.) Even if this hearsay opinion of an unnamed hospital psychologist can be considered, the statement is, again, made in conclusory fashion without any reference to the applicable standard or facts relevant to that standard.

Nor does circumstantial evidence arising from any of the materials provided by the parties create a genuine dispute as to Dirk's testamentary capacity at the time he decided to change the beneficiary designations. Liska and Johnson, who both aver to Dirk's actions with regard to changing the beneficiary designations, neither knew the parties who stood to benefit from Dirk's actions—that is, Huizenga and Dominik—nor stood to benefit from Dirk's actions themselves. Moreover, the Court sees no merit in Huizenga's passing contention that the fact that Dirk indicated he wanted to leave the benefits to his two siblings but then named only one, Dominik, implies impropriety. There is direct evidence by way of the uncontroverted statements of Liska and Johnson that Dirk and Dominik spoke regularly during April and May 2018 and that Dirk understood his relation to the persons who are the natural objects of his bounty and whose interests are affected by the terms of benefits. *See Estate of Thorpe*, 732 P.2d at 575.

Having taken as true and considered all of Huizenga's evidence, the Court finds that the evidence is insufficient for a finder of fact to reasonably conclude that Dirk lacked the testamentary capacity to change the beneficiary designations at the time he decided to do so. Although Dominik did not move for summary judgment, the Court may under Federal Rule of Civil Procedure 56(f) grant summary judgment to a non-moving party upon a movant's failure of evidence, such as Huizenga's here. Under that Rule, the Court will give Huizenga an opportunity to respond to the Court's findings in this Order and the Court's conclusion that she lacks the evidence to show Dirk did not have the testamentary capacity

to change the beneficiary designations at the time he decided to change them. This is not, however, an opportunity for Huizenga to make new legal arguments. To the extent she made legal arguments in her Motion and Reply—albeit without citation to legal authority—the Court has already considered them.

IT IS THEREFORE ORDERED denying Cross-Claimant Bonnie Huizenga's Motion for Summary Judgment (Doc. 64).

IT IS FURTHER ORDERED provisionally granting summary judgment to Cross-Defendant Dominik Spang. Under Federal Rule of Civil Procedure 56(f), Cross-Claimant Bonnie Huizenga may have 14 days from the date of this Order to respond.

Dated this 24th day of November, 2020.


Honorable John J. Tuchi
United States District Judge